[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner on January 26, 2001 filed this Petition for Writ of Habeas Corpus claiming the rights of the petitioner were violated by the state's loss of or destruction of potentially exculpatory evidence. The petitioner claims he is innocent of the charges, and his right to due process was violated under Article First, Section 8 of, and now ArticleXVII of the Amendments to the Connecticut constitution.
The evidence has established that on November 17, 1981 the victim was sexually assaulted. Immediately after the assault the victim went to St. Raphael's Hospital where a rape crime kit had been prepared with evidence of the sexual assault. The evidence collected was sent to the State Forensic Lab, and the evidence was not examined at the Lab. The rape crime evidence was then lost or misplaced, and it was not available at the time of trial in 1992. Items of clothing worn by the victim had been returned to her in 1982, and they also were not available.
On December 18, 1986, a warrant was issued for the petitioner, and in 1988 he was extradited from Massachusetts. Prior to the trial in 1992 the defense was advised the rape crime evidence could not be located, and the victim's clothing had been returned to her. The defense was aware prior CT Page 13532 to trial that the St. Raphael Hospital record relating to the examination of the victim was available. The defense was also aware that blood was never taken from the petitioner because the specimens in the rape crime kit were not available for a matching test.
The case was tried and on May 1, 1992 a jury found the petitioner guilty of Sexual Assault, Kidnapping and Robbery. The petitioner on June 26, 1992 was sentenced to 45 years to serve consecutive to the sentence he was then serving in Massachusetts. The petitioner appealed and his conviction was affirmed. State v. Correia, 33 Conn. App. 457 (1994). A petition for Certification was denied by the Connecticut Supreme Court.State v. Correia, 229 Conn. 911 (1994). The petitioner was then unsuccessful in seeking relief in the federal court system.
At the trial of the petitioner in 1992 the defendant did not move to suppress or to dismiss the charges based upon the loss of the rape crime evidence. Nor has such a claim been made in the direct appeal or in any other appellate or federal proceeding~
The only issues raised by the defendant in his appeal from the judgment of conviction were: (1) the trial court improperly (a) refused to give a jury instruction as required by State v. Whelan, 200 Conn. 743 and (b) refused to admit as an exhibit a prior inconsistent statement; (2) the court required the defendant to sit at the defense table; and (3) the court denied a motion for mistrial for improper argument of the state in closing argument. The appellate court rejected the claims of the petitioner and affirmed the verdict of guilty.
The petitioner in reliance on State v. Morales, 232 Conn. 707 (1995) now argues that the holding in that case can retroactively be applied to relitigate in this habeas proceeding the loss of the rape crime evidence. The respondent contends the petitioner has not established "cause and prejudice" for not raising those claims previously, and after exhausting all direct appeals prior to that decision the holding does not apply on collateral review.
The petitioner in his brief contends that in 1992 at the trial his attorney assumed the trial court would follow Youngblood v. Arizona,488 U.S. 51 (1988), and since he could not prove bad faith on the part of the police he therefore had good cause not to raise issues regarding the lost rape crime evidence. He further assumed the trial court would reject a balancing test as articulated in State v. Asherman, 193 Conn. 724
(1984). He therefore argues that State v. Morales, 232 Conn. 707 (1995) has now changed the law regarding bad faith of the state in the loss of evidence. CT Page 13533
The petitioner also argues in his memorandum that the trial court should have allowed him to introduce the victim's sworn statement. He contends in weighing prejudice the habeas court should consider the weakness of the state's evidence at the trial. However, a review of the trial transcript at pages 135 through 149 discloses the victim had numerous opportunities to view the defendant at the time of the incident, and then to relate them accurately under direct and cross examination. Furthermore, the issue of the admission of the victim's statement was addressed at the trial and in the appeal.
The appropriate standard for reviewability of habeas claims that were not properly raised at trial because of a procedural default is the cause and prejudice standard. Under this standard the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. Johnson v. Commissioner of Corrections,218 Conn. 403, 409 (1991); Jackson v. Commissioner of Corrections,227 Conn. 124, 132 (1993).
In the recent case of Cobham v. Commissioner of Corrections,258 Conn. 30, 40 (2001), the Connecticut Supreme Court stated as follows:
 "The cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence of ignorance. . . ." Valeriano v. Bronson, 209 Conn. 75, 83, 546 A.2d 1380
(1988). Therefore "attorney error short of ineffective assistance of counsel does not adequately excuse compliance with our rules of [trial and] appellate procedure."
The case of State v. Morales, 232 Conn. 707 (1995) held that theAsherman test established in State v. Asherman, 193 Conn. 695 (1984) decided that the Connecticut state constitutional law provided protections more extensive than federally required by the federal test established in the case of Arizona v. Youngblood, 488 U.S. 51,109 S.Ct. 333, 102 L.Ed.2d 281 (1988). The Morales case stated a defendant was required to raise the claim of the deprivation of his rights under either the federal or state constitution when the state fails to preserve potentially useful evidence. Such a claim would allow the trial court to employ the balancing test established in the Asherman case and in applying the factors to be considered to then determine whether the defendant's due process rights have been violated. The Morales case rejected the test established by the United States Supreme Court as CT Page 13534 stated in the Youngblood decision. The Morales case does not support the petitioner's claim that it established new law and that it qualifies as cause under the requirement of Johnson v. Commissioner, 218 Conn. 403. The petitioner failed to raise the due process claim at the trial or during the appeal process.
The Morales decision stated the Asherman test would apply under the Connecticut constitution rather than the test in Arizona v. Youngblood. The analysis in Morales relied upon case law existing at the time of the petitioners trial, and it did not create any new or novel law to excuse the petitioner from raising a constitutional issue reasonable unknown to him at the time of trial.
The petitioner has also failed to establish that he was prejudiced to meet the requirements of the "cause and prejudice" required by State v.Johnson, supra, and State v. Jacobson, supra. He has failed to show a reasonable probability that the proceeding would have been different.Tillman v. Commissioner, 54 Conn. App. 749, 753. The trial court never had the opportunity to exercise its discretion to fashion a remedy as a result of the petitioner's failure to claim a deprivation of due process as a result of the loss of the sexual assault evidence. Speculation by the petitioner regarding the results of tests if the evidence had not been lost is not a substitute for reasonable probability.
The petitioner has also claimed he is actually innocent. He has failed to prove by clear and convincing evidence that he is actually innocent, or that no reasonable fact finder would find the petitioner guilty of the crimes. Miller v. Commissioner of Corrections, 242 Conn. 745 (1997). The petitioner has failed to satisfy the requirement of the Miller standard.
For the foregoing reasons the petition is denied.
Howard F. Zoarski Judge Trial Referee